UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| Sharon D. Moore,<br><br>    Plaintiff,<br>v.<br><br>Juda J. Epstein,<br><br>    Defendant. | Civil Action No.<br>3:19 - CV - 258 (CSH)<br><br>March 27, 2019 |

### RULING FOR A *SUA SPONTE* ORDER OF DISMISSAL

**HAIGHT, Senior District Judge:**

### I. INTRODUCTION

On February 27, 2019, Magistrate Judge Merriam issued a Recommended Ruling in this case, advising that the Plaintiff's *Motion for Leave to Process In Forma Pauperis* be denied without prejudice to re-filing. Doc. 6. The Recommended Ruling directed Plaintiff to pay the filing fee or file a renewed motion by March 20, 2019, if she wished to pursue her claims. *Id.* I approved and adopted the Recommended Ruling and, finding that Plaintiff had not filed anything by this deadline, instructed the Clerk of Court to close the case. Doc. 7. Plaintiff has now filed a letter asking the Court to reconsider the Recommended Ruling. Doc. 8.

In evaluating her request, the Court also revisited her claims against the Defendant, Juda J. Epstein. The Court has determined that, based upon a closer examination of her Complaint, [Doc. 1], it lacks the authority to hear her claims due to lack of subject-matter jurisdiction and so must dismiss her claims from federal court.

1

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Federal courts may only hear cases in which it has subject matter jurisdiction, meaning there is a federal question or there exists a diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332. *See also Strawbridge v. Curtiss*, 7 U.S. 267, 267–68 (1806); *Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 363 (2d Cir. 2000) (delineating two categories of subject matter jurisdiction).

The question of subject matter jurisdiction is fundamental so that a court must raise the issue *sua sponte*, of its own accord, when the issue is not addressed by the parties. *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884). *See also Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006) ("Although neither party has suggested that we lack appellate jurisdiction, we have an independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*."), *cert. denied*, 549 U.S. 1282 (2007); *Univ. of S. Alabama v. Am. Tobacco Co.,* 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."). Unlike personal jurisdiction, "failure of subject matter jurisdiction is not waivable." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). If subject matter jurisdiction is lacking, the action must be dismissed. *See* Fed. R. Civ. P. 12(h)(3), *Lussier*, 211 F.3d at 700–01.

Here, there exists neither basis for federal subject matter jurisdiction. First, there is not a federal question because, although Plaintiff raises a federal claim of due process, the Defendant appears to be a private attorney and not a government actor.[1] Doc. 1 at 1–3. Due process claims are

---

[1] Plaintiff claims that the Defendant is "employed as an Attorney, a court officer," [Doc. 1 at 1], but the body of the Complaint makes clear that Defendant is not employed by any court and represented Plaintiff in foreclosure proceedings in his capacity as a private attorney. *See id.* at 1–3.

only actionable against a government actor. *DeShaney v. Winnebago Cty. Dept. of Soc. Servs.*, 489 U.S. 189, 195 (1989). Second, diversity jurisdiction also does not apply because, although the amount in controversy exceeds $75,000, Plaintiff and Defendant are both citizens of Connecticut. *See* Doc. at 1.

Accordingly, the Court must *sua sponte* dismiss Plaintiff's claims for lack of subject-matter jurisdiction. This decision is not a determination of the merits of Plaintiff's claims. Plaintiff charges the Defendant with serious misconduct which, she alleges, caused her significant loss and damage. This federal Court, having no jurisdiction to consider the subject of Plaintiff's claims, says nothing about whether those claims are or are not meritorious or entitle Plaintiff to a judgment against this Defendant. If Plaintiff wishes to pursue her claims against Defendant, she must do so in a state court of competent jurisdiction.[2]

This case is DISMISSED for lack of subject matter jurisdiction, WITHOUT PREJUDICE to the assertion by Plaintiff of her claims in a state court of competent jurisdiction. Her request for the Court to reconsider the Recommended Ruling, [Doc. 8], is denied as MOOT.

It is SO ORDERED.

Dated: New Haven, Connecticut
      March 27, 2019

                                              */s/ Charles S. Haight, Jr.*
                                              CHARLES S. HAIGHT, JR.
                                              Senior United States District Judge

---

[2] If Plaintiff chooses to be self-represented in state court, instead of by an attorney, Connecticut's Court Service Centers is a source of advice on how to file a case, how to obtain fee waivers, etc. *See* Court Service Centers, State of Connecticut Judicial Branch, https://jud.ct.gov/csc/default.htm (last visited Mar. 26, 2019).